CHARLES BOWERS, APPELLANT, V. JAMES RAITT ET AL.,
APPELLEES.

FILED OCTOBER 31, 1913.   No. 17,956.

Contracts: RESCISSION: EXCHANGE OF PROPERTY.   Where a party of
    full age and competent to contract has full opportunity to ac-
    quaint himself as to all of the particulars of a proposed exchange
    of properties, and personally inspects the property, which he is
    about to receive in such exchange, before the exchange is made,
    he cannot go ahead and consummate such exchange, and then,
    upon ascertaining later that he has made an unwise trade, invoke
    the aid of a court of equity to undo what he has himself care-
    lessly or negligently done.

APPEAL from the district court for Dodge county:
GEORGE H. THOMAS, JUDGE. *Affirmed.*

*George L. Loomis* and *Courtright & Sidner,* for appel-
lant.

*F. Dolezal* and *C. E. Abbott, contra.*

FAWCETT, J.

This suit was instituted in the district court for Dodge
county, to cancel a contract for the exchange of a note of
$11,500 and certain real estate of plaintiff in Holt county
for a flour mill property situated at Prague, in Saunders
county.   From a finding and judgment for defendants,
plaintiff appeals.

The assignments of error are: (1) The court erred in
finding for the defendants.   (2) The finding and decree
are not supported by the evidence.   (3) The court erred
in overruling plaintiff's motion for a new trial.   (4) The
court erred in refusing plaintiff permission to file á sup-
plemental motion for a new trial on the ground of newly
discovered evidence and misconduct of the prevailing
party.   Three points are argued in plaintiff's brief: (a)
"Representations as to value," meaning the value of the
mill property; (b) "representations as to profits," mean-

ing the profits which had been realized by the former owners of the mill; and (c) "supplemental motion for a new trial."

We will consider the last point first. The decree was entered November 19, 1910. Immediately thereafter, and on the same day, a motion for a new trial was filed. On the next day a supersedeas bond was filed. Nearly 11 months later, on October 11, 1912, plaintiff asked and was given leave to file a supplemental motion for a new trial, supported by affidavit. This motion was based upon two grounds: First, newly discovered evidence; and, second, misconduct of the principal defendants R. G. Lyon and James Raitt. The substance of the affidavit filed in support of the motion is that the defendants Lyon and Raitt and their attorneys attempted to influence the testimony of the witnesses Kastle, Wolf, and Kaspar, in that, knowing that they were material witnesses upon the part of plaintiff, they entered into a contract with the witness Kastle, by which contract defendants entered into a secret agreement with the witnesses whereby the defendants sold to Kastle the note for $11,500, which was the principal consideration of the contract between plaintiff and defendants, and agreed to take from Kastle the Texas land which defendants had traded to him in a prior deal for his interest in the mill property. On November 9, 1912, the court overruled both the original and supplemental motions. The evidence is not clear that the deal, whatever it was, between the defendants and Kastle, was of the character and for the purpose claimed; but, whether so or not, if the defendants had the thought in mind that by making such a deal with Kastle it would influence the testimony of the three witnesses named, their testimony, when called by plaintiff, must have dispelled that thought. They proved to be fair and candid witnesses, and we are unable to discover from an examination of their testimony that any one of them in any particular deviated from the truth. It is clear, therefore, that plaintiff was not prejudiced by the acts complained of.

Bowers v. Raitt.

As to the other two points, viz., "representations as to value," and "representations as to profits," we think, as the trial court evidently did, that the evidence preponderates in favor of the defendants. It would serve no good purpose to set out the testimony in full in this opinion. To sum up in a few words, plaintiff and defendants Lyon and Raitt, the agent of defendant Lyon, were all three traders of more or less experience. Plaintiff is a man over 50 years of age. Before making the trade, plaintiff and Raitt visited and inspected the mill, and on the same evening entered into the contract of exchange, from which plaintiff now asks to be released. If defendant got the better of the trade, we do not think it was by reason of any misrepresentations by, or on account of any undue influence of Raitt over plaintiff. Plaintiff had every opportunity to fully advise himself both as to the value of the mill and the amount of profits that had been earned by the former owners. If he saw fit to refrain from investigating those questions and to make the deal without doing so, it was his own fault. Where a party of full age and competent to contract has full opportunity to acquaint himself as to all of the particulars of a proposed trade, he cannot go ahead and consummate a deal, and then, upon ascertaining later that he has made an unwise trade, expect a court of equity to undo what he has himself carelessly or negligently done.

We think the judgment of the district court is right, and it is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.